UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ADEBAYO ADENIJI,

   Petitioner,

-vs-                                               Case No. 6:11-cv-702-Orl-28DAB
                                              (Criminal Case No.: 6:10-cr-20-Orl-28DAB)

UNITED STATES OF AMERICA,

   Respondent.
_____/

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Adebayo Adeniji (Doc. No. 1). The Government filed a response (Doc. No. 5) to the section 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*. Petitioner filed a reply (Doc. No. 12) to the response.

Petitioner alleges six claims for relief in his motion: 1) he received ineffective assistance of counsel because counsel failed to properly argue for a downward departure to bring Petitioner's sentence "in line with those" co-Defendants who were "equally culpable"; 2) Application Note two, which accompanies section 2B1.6 of the Sentencing Guidelines, prohibits an "increase in the offense level for the underlying offense for any Relevant Conduct"; 3) the Court improperly calculated the intended loss amount; 4) he received ineffective assistance of counsel because counsel failed to properly argue for a

downward departure based on Petitioner's minimal or minor role; 5) Petitioner is entitled to a downward departure "for his exceptional remorse"; and 6) he received ineffective assistance of counsel because counsel failed to argue at sentencing that Petitioner's status as a "deportable alien" impacted his sentence.

I. *Procedural History*

Petitioner and several other individuals were charged in a thirteen-count second superseding indictment with the commission of various crimes (Criminal Case No. 6:10-cr-20-Orl-28DAB, Doc. No. 75, filed March 24, 2010).[1] Petitioner was charged in all of the counts. Petitioner subsequently entered into a plea agreement in which, among other matters, he agreed to enter a plea of guilty to counts one and six of the second superseding indictment (Criminal Case Doc. No. 108, filed May 19, 2010). Petitioner entered his plea of guilty before Magistrate Judge David A. Baker, who filed a Report and Recommendation Concerning Plea of Guilty recommending that the plea agreement and the plea of guilty be accepted and that Petitioner be adjudicated guilty and have sentence imposed accordingly (Criminal Case Doc. No. 132, filed June 1, 2010).

On June 4, 2010, this Court entered an Acceptance of Plea of Guilty and Adjudication of Guilt in which the Report and Recommendation Concerning Plea of Guilty was accepted, affirmed, and adopted; Petitioner was found to have knowingly, intelligently, and voluntarily entered a plea of guilty of counts one and six of the second

---

[1]Hereinafter Criminal Case No. 6:10-cr-20-Orl-28DAB will be referred to as "Criminal Case."

2

superseding indictment; the plea was accepted; the plea agreement was accepted; and Petitioner was adjudicated guilty of counts one and six of the second superseding indictment (Criminal Case Doc. No. 144). A sentencing hearing was conducted on August 13, 2010, and on August 16, 2010, the Court entered a Judgment in a Criminal Case in which Petitioner was adjudicated guilty of the offenses and sentenced to imprisonment for a total term of thirty months, to be followed by supervised release for a total term of three years (Criminal Case Doc. No. 163).[2] Petitioner did not file a direct appeal.

## II. Analysis of Petitioner's Claims

The Government argues that, as a result of the terms of the plea agreement, Petitioner has waived the right to appeal his sentence, directly or collaterally, and, therefore, the claims raised in his section 2255 motion should be denied.

A defendant's knowing and voluntary waiver of the right to appeal his sentence will be enforced. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). Moreover, a valid sentence-appeal waiver, entered into voluntarily and knowingly pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005). An appeal waiver will be enforced if the Government demonstrates either that: 1) the Court specifically questioned the defendant about the waiver during the plea colloquy, or 2) the record clearly shows that the defendant

---

[2]Counts two through five and seven through thirteen were dismissed based on the Government's motion.

3

"otherwise understood the full significance of the waiver." *Id.* at 1341 (quotation omitted) (citation omitted). Therefore, a petitioner's knowing and voluntary waiver in the plea agreement generally bars him from pursuing collateral relief under § 2255, including any ineffective assistance of counsel claim that does not directly affect the validity of the waiver or the plea itself. *See Patel v. United States*, 252 Fed. App'x 970, 974-75 (11th Cir. 2007) (a valid sentence-appeal waiver precludes both direct appeal and collateral review of both the sentence and conviction but does not bar a claim explicitly challenging the validity of the guilty plea or the appeal waiver based on ineffective assistance of counsel).

As discussed above, Petitioner entered into a written plea agreement with the Government (Criminal Case Doc. No. 108). Pursuant to the agreement, Petitioner agreed:

> that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal [his] sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds [his] applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then [Petitioner] is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

*Id.* at 14 (emphasis in original). Petitioner agreed that he was entering into the plea agreement freely, voluntarily, and not in exchange for any promises, other than those contained in the plea agreement. *Id.*

4

At the guilty plea hearing, the Court informed Petitioner that "you are, for most purposes, giving up any right to appeal or to challenge the sentence imposed. There are certain exceptions to that. . . . You won't be able to challenge it on appeal or any other kind of collateral attack, under habeas corpus, Section 2255 or otherwise." *See* Transcript of Change of Plea Hearing at 18. Petitioner stated that he understood. *Id.* The Court again reiterated that "you won't be able to challenge it on appeal or any kind of collateral attack, under habeas corpus, Section 2255 or otherwise," and Petitioner again stated that he understood. *Id.* at 23. Petitioner also stated that he was "very satisfied" with the services of his attorney, that he had not been threatened or coerced into pleading guilty, that he had read and discussed the plea agreement with his attorney, that the plea agreement contained all the promises he had made to the Government and all the promises the Government had made to him, and that he was entering his guilty plea freely and voluntarily. *Id.* at 12-14, 18-19, 27.

As set forth above, the Court addressed the appeal/collateral waiver during the change of plea hearing, and a review of the record reveals that Petitioner understood the full significance of his waiver of collateral relief. The Court conducted a thorough and comprehensive plea colloquy. Consequently, the Court concludes that the plea agreement and the waiver were knowing and voluntary. As a result, because the plea and the waiver were knowingly, intelligently, and voluntarily entered, the waiver provision in Petitioner's plea agreement precludes this Court from considering Petitioner's claims, and, therefore, they are denied.

Petitioner argues cursorily that his plea was invalid because he was not informed that the "jury must return its verdict to a judge in open court. The Verdict must be Unanimous." *See* Doc. No. 12 at 3. The Court finds that this argument is without merit. The record reflects that the Court informed Petitioner that he had the right to a trial by a jury of twelve persons and that the Government would be required to prove his guilty beyond a reasonable doubt. *See* Transcript of Change of Plea Hearing at 22-23. Petitioner cites no case from the Supreme Court or the Eleventh Circuit Court of Appeals that requires an explanation that the jury must reach a unanimous verdict or that the jury must return its verdict in open court, and Federal Rule of Criminal Procedure 11 by its terms does not require such explanation. There simply is no authority for the proposition that the Court is required to explain this aspect of a jury trial to a defendant pleading guilty. As such, the Court finds that Petitioner has failed to demonstrate that his plea was in any manner invalid.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Adebayo O. Adeniji (Doc. No. 1) is **DENIED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case. A copy of this Order and the judgment shall also be filed in criminal case number 6:10-cr-20-Orl-28DAB .

4. The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. No. 187) filed in criminal case number 6:10-cr-20-Orl-28DAB.

5. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[3] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 3 day of May, 2012.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

---

[3]Pursuant to Rule 11 of the *Rules Governing Section 2255 Proceedings for the United States District Courts,*

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

Copies to:
OrlP-2 5/3
Adebayo O. Adeniji
Counsel of Record